1 Derek Newman, State Bar No. 190467
*derek@newmanlaw.com*
2 Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*
3 NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
4 Santa Monica, CA 90401
5 Telephone: (310) 359-8200
6 Facsimile: (310) 359-8190

7 Attorneys for Plaintiff
8 Kristen Pierson

9

10 UNITED STATES DISTRICT COURT
11 FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
12

| | |
|---|---|
| KRISTEN PIERSON, an individual, | Case No. 2:15-cv-9110 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| SPINMEDIA GROUP, INC., a Delaware corporation; and DOES 1-5; | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

KRISTEN PIERSON, ("Pierson" or "Plaintiff") hereby alleges for her complaint against SPINMEDIA GROUP, INC. ("SpinMedia") and DOES 1-5 (collectively, "Defendants") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.   JURISDICTION AND VENUE

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. This Court has personal jurisdiction over SpinMedia because it conducts substantial business in the State of California and in this judicial district.

3. Venue is appropriate under 28 U.S.C. § 1391(b)(1-3).

## II.   PARTIES

4. Plaintiff is an individual and resident of Rhode Island.

5. SpinMedia is a Delaware corporation registered to do business in California at 6464 W Sunset Blvd., Suite 650, Hollywood, CA 90028

6. Plaintiff does not know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

## III.   FACTS

**A.   Pierson created copyrightable photographs and registered them with the U.S. Copyright Office.**

7. Pierson is an award-winning photographer who specializes in event and live-

music photography. She owns all rights to an image of Corey Taylor of the band Slipknot displayed without her permission on SpinMedia (the "Infringing Image").

8. Pierson's business is based on licensing and selling photographs she creates. Pierson's photographs are currently available through her website and on commission. She regularly licenses her images to musicians, music studios, and music promoters, as well as to magazines and other media. Pierson's work has been featured in Rolling Stone, MSN, and the Alternative Press, among numerous other media.

9. Pierson registered the Infringing Image with the U.S. Copyright Office and has Copyright Registration No. # VA1-827-176, date registered 08-27-2012. A copy of the registration is provided as Exhibit A.

**B.  SpinMedia displayed the Infringing Image without license or permission from Pierson and failed to remove the Infringing Image despite notice from Pierson.**

10. SpinMedia is a digital publisher which operates several pop culture websites, including Buzznet located at < http://www.buzznet.com/>.

11. Buzznet is a photo and journal-sharing social medial network. Buzznet has many viewers in this District.

12. On or around July 2015, Pierson discovered that SpinMedia was displaying the Infringing Image without license or permission on its Buzznet website. Attached as Exhibit B is a screenshot of SpinMedia's infringing use.

13. On information and belief, SpinMedia can remove each Infringing Use that is hosted on Buzznet.

14. According to SpinMedia's website, SpinMedia has a designated Copyright Agent.

15. On July 21, 2015, Pierson sent a notice to SpinMedia's designated agent regarding the Infringing Use. Pierson's notice is attached as Exhibit C.

16. Pierson never authorized the Infringing Use.

17. SpinMedia has not removed or disabled access to the Infringing Use.

# IV.   CAUSE OF ACTION
## DIRECT OR IN THE ALTERNATIVE CONTRIBUTORY COPYRIGHT INFRINGEMENT

18. Pierson hereby incorporates Paragraphs 1-17 by reference.

19. Pierson is, and at all relevant times has been, the owner of the copyright in the Infringing Image.

20. The Infringing Image is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

21. Pierson has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

22. Pierson registered the copyright in the Infringing Image with the United States Copyright Office.

23. Pierson has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the Infringing Image, (2) prepare derivative works based on the Infringing Image, (3) distribute copies of the Infringing Image, and (4) display the Infringing Image publicly.

24. Without the permission or consent of Pierson, the Infringing Image was reproduced, derivative works were made from it, copies were distributed of it, and it was displayed on SpinMedia's Buzznet website.

25. Pierson's exclusive rights in the Infringing Image were violated.

26. SpinMedia induced, caused, or materially contributed to the Infringing Uses.

27. SpinMedia had actual knowledge of the Infringing Uses. Pierson provided notice to SpinMedia in compliance with the DMCA, and SpinMedia failed to disable access to or remove the Infringing Uses.

28. SpinMedia acted willfully.

29. Alternatively, SpinMedia directly infringed Pierson's copyrights by continuing to allow public access to the Infringing Uses on SpinMedia's server or on servers controlled by SpinMedia, or through access controlled by SpinMedia to servers

controlled by third parties.

## VI. RELIEF REQUESTED

WHEREFORE, Pierson asks this Court to enter judgment against Defendants and Defendants' subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of the Infringing Image by SpinMedia under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of SpinMedia of the Infringing Image and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Pierson as the result of SpinMedia's infringement plus the profits of SpinMedia attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Pierson so elects, an award of statutory damages for each infringement under 17 U.S.C. § 504;

5. A judgment that SpinMedia's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7. For such other and further relief as may be just and proper under the circumstances.

Dated this 24th day of November, 2015.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: _/s/ Sophy Tabandeh_
Sophy Tabandeh, State Bar No. 287583
Derek Newman, State Bar No. 190467

Attorneys for Plaintiff
KRISTEN PIERSON

4
COMPLAINT FOR COPYRIGHT INFRINGEMENT

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Kristen Pierson demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated this 24th day of November, 2015.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Sophy Tabandeh*
Sophy Tabandeh, State Bar No. 287583
Derek Newman, State Bar No. 190467

Attorneys for Plaintiff
KRISTEN PIERSON